UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16CR466JAR (SPM) |
| | ) | |
| MICHAEL MCNEILL-1 | ) | |
| JOSHUA FLYNN-2 | ) | |
| TIMOTHY MURPHY-3 | ) | |
| SHAWN CASEY-4 | ) | |
| THOMAS SILHA-5 | ) | |
| JENNIFER HANSEN-6 | ) | |
| DEAN MILLER-7 | ) | |
| MICHAEL SILVER-8 | ) | |
| JOHN BALLEWEG-9 | ) | |
| Defendants. | ) | |

## ORDER ON SPEEDY TRIAL DESIGNATION
## AS A COMPLEX CASE

Now before the undersigned is the Government's unopposed motion requesting that this case be designated as a complex case pursuant to 18 U.S.C. § 3161(h). (Doc. 64). The motion will be granted for the reasons set out below.

1. The Speedy Trial Act, 18 U.S.C. § 1361 et seq., provides that "the trial of a defendant charged in an indictment . . . with the commission of an offense shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

2. Certain periods of delay are excluded in computing the time within which the trial of an offense must commence. See 18 U.S.C. § 3161(h). Among these periods is that of a delay

1

resulting from a continuance granted on the grounds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). This continuance may be granted at the request of a party or by the court on its own motion. Id. Section 3161(h)(7)(A) further provides that:

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

3. One of the factors the court can consider in determining whether to grant a continuance under 18 U.S.C. § 3161(h)(7)(A) is whether the case is "so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]." 18 U.S.C. § 3161(h)(7)(B)(ii).

4. Under 18 U.S.C. § 3161(h)(7)(B)(i), a judge may also consider whether the failure to grant a continuance would "result in a miscarriage of justice."

5. Here, the government contends this case should be designated as "complex" and continued beyond the time allowed under the Speedy Trial Act because of the volume of evidence defense counsel will need to examine to have an understanding of the issues involved in the case, the number of defendants, and the nature of the charges. The discovery consists of large amounts of documentation in multiple formats from financial institutions and documents related to financial transactions. Documentation includes records pertaining to at least three hundred individual and business bank accounts opened and maintained at multiple financial institutions; records relating to at least nineteen merchant accounts and thousands of credit card transactions processed through those accounts; records, including handwritten notes from multiple individuals from across the

United States and Canada; and records including forms, invoices and notation relating to financial transactions, obtained from call rooms and other sources including computers and phones connected to defendants and others.

6. This case and the related financial records relate to extensive transactions from 2012 through 2015 and currently involves nine defendants and issues and considerations specific to telemarketing that are not usually present in cases involving mail and wire fraud cases. The relevant transactions involve individuals located in multiple states. As such, defense counsel may need to consider information relating to potential witnesses and documentary evidence located in multiple locations in determining whether they need to file pretrial motions. In addition, the United States has indicated that it intends to file a superseding indictment that may result in the addition of more defendants.

7. Based on the volume of discovery and the nature and complexity of the evidence involved as well as the length and complexity of the investigation, I find that this case meets the factors set out in subsections (B)(i) and (B)(ii).

8. For all of the foregoing reasons, and for the reasons set out in the Government's Motion, the Court finds this matter to be complex as directed in 18 U.S.C. § 3161(h)(7)(B)(ii). Specifically, the Court finds that the instant case is so unusual and so complex, due to the volume of discovery, the nature of the charges, the complex and extensive nature of the investigation, and the nature of the prosecution, that the ends of justice served by the granting of the instant motion outweigh the best interests of the public and the Defendant in a speedy trial.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Designate the Case as Complex and To Continue Trial Beyond the Limits Set By The Speedy Trial Act is **GRANTED**. (Doc.64). The case is so designated.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of January, 2017.